IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

|   |   |   |
|---|---|---|
| WILLINELL WRIGHT, | : | |
| | : | |
| Plaintiffs, | : | CASE NO. |
| v. | : | 5:11-CV-110 (CAR) |
| | : | |
| LARRY HOLMES and | : | |
| ROGER VANN, | : | |
| | : | |
| Defendants. | : | |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

Currently before the Court is Defendants Larry Holmes and Roger Vann's Motion to Dismiss Plaintiff's Complaint. [Doc. 9]. Having considered the matter and relevant case law, the Court **GRANTS** Defendants' Motion [Doc. 9] for the reasons discussed below.

**Applicable Standard**

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, ‐‐‐, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible

1

where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims. Bell Atlantic Corp., 550 U.S. at 556.

## Background

Plaintiff, a former member of the Houston County Branch of the National Association for the Advancement of Colored People ("NAACP"), filed suit against Defendant Larry Holmes, president of the Houston County NAACP, in the Magistrate Court of Houston County in 2010.  Plaintiff accused Defendant Holmes of libel, mail fraud, and false arrest/malicious prosecution in connection with events in 2009 surrounding the suspension of Plaintiff's NAACP membership.  Plaintiff asked the Magistrate Court to order an audit of the Houston County NAACP's records and sought damages for alleged mental and emotional harm.  The Magistrate Judge held a hearing on January 26, 2011, and entered a judgment in favor of Defendant Holmes on all of Plaintiff's claims.  [Doc. 1, Ex. 2].

Plaintiff now seeks review of the Magistrate Court's decision through what he has labeled as a Title VII discrimination claim.  Plaintiff has brought the same claims against Defendant Holmes and has added the NAACP's national president, Roger

Vann.  Plaintiff accuses Defendants of slander, mail fraud, causing mental and psychological harm, and attempting to "cover up wrongdoing" by the Houston County NAACP branch.  Plaintiff seeks various forms of relief, including review of the Magistrate Court's decision, an audit of the branch's records, and that the Court expunge his arrest record.  Defendants assert that Plaintiff's Complaint should be dismissed in its entirety.  Plaintiff has not responded to Defendants' motion.

## Discussion

### A. Rooker-Feldman Doctrine

In his Complaint, Plaintiff states that he seeks to "appeal the judgements [sic] in the Mag. Ct. of Houston County." [Doc. 1].  Defendants assert that this Court has no jurisdiction to review the decisions of state courts, and the Court agrees.  The Rooker-Feldman doctrine precludes federal courts from reviewing final judgments of state courts.  Van Poyck v. McCollum, 646 F.3d 865, 868 n. 5 (11th Cir. 2011); Rooker v. Fid. Trust Co., 263 U.S. 413, 415 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983).  The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1331 (11th Cir. 2010) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005)).

3

The doctrine only applies where the federal action is filed after the state proceedings have ended.  Nicholson v. Shafe, 558 F.3d 1266, 1276 (11th Cir. 2009).  State proceedings are considered final in three situations: "(1) when the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, (2) if the state action has reached a point where neither party seeks further action, and (3) if the state court proceedings have finally resolved all the federal questions in the litigation, but state law or purely factual questions (whether great or small) remain to be litigated." Id. at 1275 (citation omitted).

Plaintiff specifically asks this Court to reject the Magistrate Court's decision and grant him the relief he seeks.  The Magistrate Judge made a final decision on the merits as to each claim except Plaintiff's claim of mail fraud, which is addressed below.  There is no indication that Plaintiff or Defendant Holmes sought further review of the Magistrate Court's decision, and a "litigant may not escape application of the [Rooker-Feldman] doctrine by merely electing not to appeal an adverse state trial court judgment." Id. at 1276 (citation omitted).  Thus for purposes of the Rooker-Feldman doctrine, the state court proceedings have ended, and this Court has no jurisdiction to review the Houston County action.

## B. Collateral Estoppel

The Rooker-Feldman doctrine does not bar Plaintiff's claims against Defendant Vann, who was not a party to the earlier state court proceedings. See Lance v. Dennis, 546 U.S. 459, 464 (2006) (holding Rooker-Feldman inapplicable to nonparties). Nevertheless, Plaintiff's claims against both Defendants are precluded by the doctrine of collateral estoppel. Georgia law applies to determine matters of preclusion. Agripost, Inc. v. Miami-Dade County, 195 F.3d 1225, 1227 n. 7 (11th Cir. 1999) (federal courts must apply state law to determine whether a state court judgment has preclusive effect).

Collateral estoppel "precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies." City of Marietta v. CSX Transp., Inc., 196 F.3d 1300, 1305 (11th Cir. 1999). However, a defendant who was not a party to the original action may invoke the doctrine against a plaintiff. Miller v. King, No. CV698-109, 2009 WL 3805568, at *5 (S.D. Ga. Nov. 10, 2009). To assert the doctrine, a party must establish four elements: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior suit must have been an essential part of the judgment in the earlier

proceeding; and (4) the plaintiff must have had a full opportunity to litigate the issue. Macon Water Auth. v. City of Forsyth, 585 S.E.2d 131, 262 Ga. App. 224, 227 (2003).

Defendant Vann was not a party to the prior action, but the issues at stake are identical to those Plaintiff asserted in state court, and it is clear that the Magistrate Court gave both sides the full opportunity to litigate and be heard on each issue. The only claim not fully litigated was Plaintiff's claim of mail fraud, which the Magistrate Court found it did not have jurisdiction over. Nevertheless, the claim must fail as a matter of law because there is no private cause of action for mail fraud. See 18 U.S.C. § 1341; Hennington v. Bank of Am., No. 1:10-cv-1350-WSD, 2011 WL 705173, at *4 (N.D. Ga. Feb. 18, 2011); Kathrein v. McGrath, 166 Fed. Appx. 858, 863 (7th Cir. 2006); Wisdom v. First Midwest Bank, 167 F.3d 402, 408 (8th Cir. 1999). Thus, collateral estoppel bars Plaintiff's claims of libel and false arrest/malicious prosecution. Plaintiff's claim of mail fraud is not barred by collateral estoppel, but fails as a matter of law.

### C. Federal Rule of Civil Procedure 12(b)(6)

Further, even if Plaintiff's claims are not barred by the Rooker-Feldman doctrine or collateral estoppel, Plaintiff fails to state a cognizable claim. The Court affords pro se parties wide latitude when construing their pleadings and papers. S.E.C. v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992). However, the Court is not required to exempt a pro se

litigant from complying with the relevant rules of procedure and substantive law. Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999).

Plaintiff's Complaint identifies his claim as one for sex and age discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, et seq. ("Title VII"). Yet it is clear from Plaintiff's Complaint that he has never had an employment relationship with Defendants and that Defendants are not "employers" within the meaning of Title VII. See 42 U.S.C. § 2000e(b) (defining "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees"); Llampallas v. Mini-Circuits, Lab, Inc., 163 F.3d 1236, 1244 n. 12 ("Title VII limits those who can be sued under the statute to 'employers.'); McClure v. Salvation Army, 460 F.2d 553, 556 (5th Cir. 1972) (for Title VII to apply, there must be an employer-employee relationship).[1]  Plaintiff is attempting to bring claims against Defendants as individual members of the NAACP, not as employers, and thus Title VII does not apply.

Plaintiff also cites the Civil Rights Act of 1964 in association with "the right to be in a public place."  Presumably, Plaintiff is attempting to make a claim under 42 U.S.C. § 2000a(a), which provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation … without discrimination or segregation on the

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

ground of race, color, religion, or national origin." Plaintiff does not allege that he was prohibited from occupying a place of public accommodation due to race, color, religion, or any other protected class, and Plaintiff provides no factual allegations in support of the statement, "the right to be in a public place." Thus, Plaintiff does not state a viable claim for relief pursuant to 42 U.S.C. § 2000a(a), and his claim must fail.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint [Doc. 9] is **GRANTED.**

SO ORDERED, this 23rd day of December, 2011.

S/ C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

AES/jlr